[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 22, 1992 Date of Application February 4, 1992 Date Application Filed February 18, 1992 Date of Decision May 29, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, G.A. 17, Docket No. CR90-69781;
Hubert J. Santos, Esq., Defense Counsel, for Petitioner.
Stephen Preleski, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
After trial to the jury, petitioner was convicted of the offenses of risk of injury to a minor in violation of General Statutes Section 53-21; sexual assault in the first degree in violation of Section 53a-70 (a)(2); and an additional count of risk of injury to a minor in violation of General Statutes Section 53-21. As a result of such conviction, a sentence of ten years was imposed on the first count, 16 years execution suspended after eight years with five years probation consecutive to the first count on the second count and eight years concurrent on the third count. The total effective sentence was 26 years execution suspended after 18 years, five years probation with certain terms and conditions. CT Page 4125-A
The facts underlying petitioner's conviction indicate that he was involved in the ongoing sexual abuse of his 12-year-old stepdaughter. The evidence indicated that petitioner engaged in various types of sexual abuse of the child since she had been five years of age. This sexual activity appears to have occurred on Tuesday evenings when the child's mother was playing bingo. All of the offenses occurred inside the family residence.
Petitioner's attorney admitted that his client had been convicted of serious charges requiring a substantial sentence. He argued, however, that considering the fact that petitioner had no criminal record, had been gainfully employed all of his life and that he had served his country in combat in Vietnam, the sentence was excessive. It was argued that the sentence imposed was severe and was at the high end of the scale for the type of crime. The attorney stressed the fact that petitioner's prior life had been exemplary and that under the circumstances, the sentence imposed should have been at the lower end of the spectrum and should be reduced.
Petitioner, speaking on his own behalf, requested a reduction in sentence stressing the fact that he had been a hard-working, productive person all of his life. He also pointed out that the conviction would have an effect upon him which would last throughout his life. He requested the court to reduce the sentence.
The state's attorney argued against any reduction in sentence. He pointed out that the sexual abuse of the young child had occurred over the course of several years. He also pointed out that the judge carefully considered all of the favorable aspects of petitioner's background in imposing sentence. The attorney stated that considering all the factors which applied to this case, the sentence imposed was reasonable.
In imposing sentence, the trial judge considered all of the factors which are appropriate to consider in imposing a sentence. The judge, who had an opportunity to hear all of the evidence in the trial and observe petitioner throughout the proceedings concluded that there was little chance of his rehabilitation.
Given the serious protracted nature of the crime and its effect on the victim, as well as the character of petitioner and the need to protect the public and deter others from engaging in CT Page 4125-B this type of reprehensible criminal conduct, it cannot be found that the sentence imposed was disproportionate or excessive. The sentence imposed was well under the maximum sentence which could have been imposed for these crimes. Connecticut Practice Book Section 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.